Filed 12/18/13  P. v. Espinoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ZEFERINO ESPINOZA, JR.,<br><br>    Defendant and Appellant. | H039554<br>(Santa Clara County<br>Super. Ct. No. C1240134) |

Defendant Zeferino Espinoza, Jr. pleaded no contest to failure to appear while released on bail.  (Pen. Code, § 1320.5.)[1]  We appointed counsel to represent defendant in this court.  Appointed counsel filed an opening brief stating the case and the facts, but raising no specific issues on appeal.  We notified defendant of his right to submit written argument in his own behalf within 30 days, and we then granted a 90-day extension at his request.  That period has elapsed, and we have received no written argument from defendant.

---

[1] All statutory references are to the Penal Code.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal, and we will therefore affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2012, defendant failed to appear for trial in Case No. CC954850.  A felony complaint charged defendant with failure to appear while released on bail. (§ 1320.5.)  On January 31, 2013, defendant pleaded no contest to the charge.  The record shows defendant was advised of and waived his rights, including his right to a preliminary hearing, and he was advised of the consequences of his plea.

On April 2, 2013, the trial court, in accord with the parties' agreement, sentenced defendant to 90 days in county jail.  The court suspended imposition of the sentence and granted a 90-day term of probation to terminate upon the completion of the county jail sentence.  The court also imposed fines and fees, and ordered defendant to submit a DNA sample under section 296.

## II.  DISCUSSION

We reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436.  We find defendant was adequately advised of his rights and the consequences of his plea. Defendant freely, knowingly, and intelligently waived his rights and entered his plea.  No sentencing error appears.  We conclude there is no arguable issue on appeal. (See also *Kelly*, *supra,* 40 Cal.4th at p. 124.)

### III.    DISPOSITION

The judgment is affirmed.

_____
MÁRQUEZ, J.

We concur:

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

_____
GROVER, J.